U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 15 2016

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MATTHEW T. MOBLEY, <br> Plaintiff | CIVIL ACTION NO. 1:16-CV-255 <br> SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| SHERIFF HILTON, ET AL., <br> Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Matthew T. Mobley (#79337), filed on February 24, 2016. Plaintiff was granted leave to proceed *in forma pauperis* on February 26, 2016. (Doc. 4). Plaintiff is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Bossier Medium Correctional Center in Plain Dealing, Louisiana. He complains that he was subjected to excessive force by the defendants, Sheriff Hilton, Deputy Chris Beaubouef, Deputy Ward, and two unidentified deputies, when he was arrested in Alexandria, Louisiana. (Doc. 1, p. 3).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that, on October 1, 2014, he was arrested by the Rapides Parish Sheriff's Department for disturbing the peace and resisting arrest. (Doc. 1, p.

3). He alleges that he fled from his vehicle and was running down the highway when he was confronted by Deputy Beaubouef. Plaintiff tried to explain to the defendant officers that he had ingested a large amount of methamphetamine and was feeling anxious. Plaintiff was arrested and, when being placed in the police vehicle, the door was shut on his leg. Plaintiff alleges that he was "tazed" numerous times and was punched while restrained. (Doc. 1, p. 5).

## Law and Analysis

Plaintiff is a prisoner who has been granted leave to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is clear from the face of the complaint that the claims asserted are time-barred. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

The limitations period for a claim brought under 42 U.S.C. § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. See Price v. City of San Antonio, Texas, 431 F.3d 890, 892 (5th Cir. 2005). In Louisiana, that limitations period is one year. La. Civ. Code art. 3492.

Federal law is used to determine when the cause of action accrues. Under federal law, the limitations period begins to run at "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." See Russell v. Board of Trustees, 968 F.2d 489, 493 (5th Cir. 1992) (quoting Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987). In this case, Plaintiff had knowledge of his excessive force claim on the date of the alleged assault and injury, October 1, 2014. Thus, he had one year to timely file suit. Plaintiff's lawsuit was not filed until February 24, 2016, well beyond the one-year limitations period. Therefore, Plaintiff's complaint is prescribed.[1]

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

## Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being**

---

[1] Although a plaintiff is generally entitled to equitable tolling of his claims for the time spent properly exhausting those claims through the administrative remedy procedure, see Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002), Plaintiff did not filed an administrative grievance in this case (Doc. 1, p.2). Thus, there is no exhaustion period that can be tolled in this case.

3

served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 15th day of March, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge